UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTIS GOLDSMITH,

        Plaintiff,

v.

JANICE WINFREY, *et al.*,

        Defendants.

Case No. 26-cv-10285
Hon. Matthew F. Leitman

_____/

## ORDER (1) SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) AND (2) DETERMINING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

On January 27, 2026, Plaintiff Artis Goldsmith filed a Complaint against Defendants Janice Winfrey, the Detroit City Clerk, and Jocelyn Benson, the Michigan Secretary of State. (*See* Compl., ECF No. 1.)  In his Complaint, he alleges that "his voter record [is] inaccurate" and that Defendants have "failed to remedy" the issue in violation of the National Voter Registration Act of 1993, 52 U.S.C. § 20501 (the "NVRA"). (*See id.*, PageID.2.)  Goldsmith also filed an application to proceed in the action *in forma pauperis*. (*See* Application, ECF No. 2.)  The Court reviewed Goldsmith's Complaint as required by 28 U.S.C. § 1915(e)(2) and, because it did not appear to the Court that Goldsmith had stated any viable claims, the Court directed Goldsmith to either show cause in writing why the Complaint should not be dismissed or file an Amended Complaint. (*See* Order, ECF No. 5.)  Goldsmith filed

1

a Response to the Court's Show Cause Order arguing that his claims were viable. (*See* Resp., ECF No. 6.)  The Court has reviewed Goldsmith's Response and for the reasons explained below, **SUMMARILY DISMISSES** Goldsmith's Complaint.

**I**

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).  The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

**II**

Goldsmith's factual allegations, in total, are as follows:

> On and around May of 2025, Plaintiff discovered that his voter record was inaccurate; particularly it showed that the Plaintiff had voted in the November 2012 Detroit Presidential election; when the Plaintiff had never voted

his entire life.  On May 6, 2025[,] the Plaintiff attended the Michigan "Election Integrity Committee" chaired by Rep. Rachel Smith of the Michigan House of Representatives. The nature of the hearing was concerning the fraudulent use of the Plaintiff's name in the 2012 November Detroit Presidential election, and the November 2018 Detroit Gubernatorial election.  On October 3, 2025, Plaintiff sent written notice to both Defendant(s) pursuant to 52 U.S.C. 20501(b), describing the violation and requesting correction. Since then, more than 90 days have passed, and the Defendant(s) ha[ve] failed to remedy the violation. Federal Courts have ruled that the time limits start at the time the violation is discovered. No American citizen would know, or should know that someone would cast fake votes using their name in two different elections.

(Compl., ECF No. 1, PageID.2-3.)

After alleging these facts, Goldsmith asserts the following claims for relief:

a. The Defendant(s)['] failure to maintain accurate voter registration records violates Section 8 of the NVRA, 52 U.S.C. 20507.

b. The Defendant(s)['] failure to correct the Plaintiff's voter record after verbal, written and testimonial notice violates Section 2(b) of the NVRA, 52 U.S.C. 20501.

(*Id.*, PageID.3.)  In Goldsmith's Prayer for Relief, he requests, among other things, that the Court enter an injunction requiring the Defendants to correct their records so as to remove the references to his past purported voting and award him damages.

(*See id.*)

3

## III

As the Court explained in its Show Cause Order, Goldsmith's allegations do not plead a viable claim for relief under the NVRA.  Section 2(b) of the NVRA is the "Purposes" section of the Act.  It does not proscribe or mandate any behavior. *See* 52 U.S.C. § 20501.  And Section 8 of the NVRA, titled "Requirements with respect to administration of voter registration," outlines various requirements States must follow for registering voters and maintaining voter registration rolls, but it does not appear to address how a State should maintain or correct a record of a person's past voter participation. *See* 52 U.S.C. § 20507.

Goldsmith's Response to the Show Cause Order does not persuade the Court otherwise.  The essence of Goldsmith's counterargument is that "[i]f one of the goals" of the NVRA "was the protection of the integrity behind [] elections, there's no way purposely allowing inaccurate voter histor[ies] satisfy[ies] this goal." (Resp., ECF No. 6, PageID.23.)  The problem for Goldsmith is that Congress specified in the NVRA's substantive provisions the specific State conduct it believed would accomplish the goals of the Act.  And none of those substantive provisions mandate or proscribe any behavior related to maintaining or correcting voter histories. *See* 52 U.S.C. §§ 20503–20511.  Moreover, Goldsmith does not cite any case in which any court has recognized a cause of action under the NVRA seeking correction of an allegedly-erroneous record of past voting.

4

For all of these reasons, the Court concludes that Goldsmith's Complaint does not state a claim upon which relief may be granted. Therefore, the Complaint is **SUMMARILY DISMISSED.**

Finally, in light of Goldsmith's failure to cite any specific language in the NVRA supporting the viability of his claims and his failure to cite any case law recognizing the type of claims he seeks to assert, the Court concludes that an appeal cannot be taken in good faith.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5